UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ALEXANDER DEWAYNE NOAH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:23-CV-327-TAV-JEM |
| | ) | 3:19-CR-185-TAV-JEM-1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Alexander Dewayne Noah has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Case No. 3:23-cv-327, Doc. 1; Case No. 3:19-cr-185 ("Crim. Case"), Doc. 95].[1] The government has responded in opposition [Doc. 3]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 1; Crim. Case, Doc. 95] will be **DENIED**.

**I.    Background**

Petitioner was indicted on a charge of possession of and access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 1) [Crim. Case, Doc. 1]. On March 7, 2021, a jury convicted petitioner of this charge [Crim. Case, Doc. 43].

---

[1] All docket citations refer to the instant civil case number unless otherwise specified.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

The presentence investigation report ("PSR") calculated petitioner's criminal history score at zero, resulting in a criminal history category of I [PSR ¶ 36]. Based upon a total offense level of 36 and a criminal history category of I, the PSR calculated petitioner's guideline range as 188 to 235 months' imprisonment [PSR ¶ 54]. However, this guideline range was capped by a statutory maximum of ten years, or 120 months' imprisonment [*see* Crim. Case, Docs. 69, 70, 71].

The Court ultimately sentenced petitioner on July 28, 2022, to 120 months' imprisonment to be followed by a life term of supervised release [Crim. Case, Doc. 74]. Petitioner appealed his sentence [Crim. Case, Doc. 76], and the United Court of Appeals for the Sixth Circuit later granted a voluntary dismissal [Crim. Case, Doc. 94]. On September 8, 2023, he filed the instant § 2255 motion [Crim. Case, Doc. 95].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a

preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

### III. Analysis

Petitioner alleges that he received ineffective assistance of counsel [Doc. 1, p. 4]. Specifically, he appears to contend that his offense level was miscalculated, leading the parties to rely on incorrect information [*Id*.]. He also appears to challenge the circumstances surrounding plea negotiations [*Id*.].

The government responds by first arguing that the Court should summarily reject petitioner's arguments due to the perfunctory manner in which they are raised [Doc. 3, p. 4]. Additionally, it argues that petitioner bears the burden of demonstrating that his counsel was ineffective. Therefore, bare assertions, without specific allegations or supporting citations to the record, are insufficient to warrant relief [*Id*. at 4–5]. Even addressing the merits, however, the government argues that petitioner has not shown any evidence that his offense level was miscalculated [*Id*. at 5].

Claims of ineffective assistance of counsel are cognizable under § 2255, including claims involving plea bargaining. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must identify

3

specific acts or omissions to prove that counsel's performance was deficient, and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). "But *Strickland* declares that 'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Schwieterman v. Smith*, 750 F. App'x 441, 450 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 690–91). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

Here, petitioner has not presented any evidence to rebut the presumption of "reasonable professional assistance." *Strickland*, 466 U.S. at 689. He alleges, but does not substantiate or otherwise explain, that an offense level miscalculation would have changed his plea decision. Yet, as the government notes, he seems to concede that his offense level was correctly calculated by the time of his sentencing [Doc. 3, p. 5]. Because petitioner has not asserted sufficient information to establish that his attorney erred to a "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings," *Watson*, 165 F.3d at 488, his claim is **DENIED**.

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1; Crim. Case, Doc. 95] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE